

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ENCLAVE ARLINGTON ASSOCIATES
LIMITED PARTNERSHIP,                    §
                                        §
          Plaintiff,                    §
                                        §
VS.                                     §   NO. 4:09-CV-155-A
                                        §
CITY OF ARLINGTON, TEXAS,               §
                                        §
          Defendant.                    §

O R D E R

Pending before the court is the motion of defendant, City of

Arlington, Texas, to dismiss for lack of subject matter

jurisdiction and alternative motion for judgment on the

pleadings, and the motion of plaintiff, Enclave Arlington

Associates Limited Partnership, for leave to file its second

amended complaint and application for injunctive relief. Having

reviewed the motions, each party's response and reply, the

pleadings, and applicable authorities, the court concludes that

plaintiff's motion should be granted and defendant's motions

should be denied, but that defendant be afforded the opportunity

to file a motion for summary judgment as set forth herein.

In deciding a motion to dismiss for lack of subject matter

jurisdiction, the court accepts the factual allegations of the

complaint as true and considers whether those allegations invoke

the court's jurisdiction. <u>Benton v. United States</u>, 960 F.2d 19, 21 (5th Cir. 1992). The standard for evaluating a motion for judgment on the pleadings is the same as for evaluating a motion to dismiss for failure to state a claim upon which relief may be granted: "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief," meaning that the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." <u>Doe v. MySpace, Inc.</u>, 528 F.3d 413, 418 (5th Cir. 2008)(internal citations omitted).

Having considered defendant's motions, the court concludes that the issues raised therein are more properly addressed in a motion for summary judgment. Accordingly, defendant may file any such motion, and plaintiff shall file any response it wishes to make, in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this court, and this order. The court will consider the entire record of the hearing held June 4, 2009, on plaintiff's motion for preliminary injunction, as part of the summary judgment record.

Also before the court is plaintiff's motion for leave to file second amended complaint. The proposed amended complaint seeks to add a cause of action for unreasonable seizure in violation of the Fourth Amendment. Defendant opposes the

amendment on the grounds of futility. However, as the court cannot conclude, at this stage of the proceedings, that such is the case, the court will grant plaintiff's motion, so that defendant may address the additional claim in its motion for summary judgment.

Therefore,

The court ORDERS that defendant's motion to dismiss for lack of subject matter jurisdiction and alternative motion for judgment on the pleadings be, and are hereby, denied.

The court further ORDERS that plaintiff's first amended motion for leave to file second amended complaint and application for injunctive relief be, and is hereby, granted, and the clerk is directed to file plaintiff's second amended complaint and application for injunctive relief tendered with the motion.

The court further ORDERS that:

(i) By 2:00 p.m. on July 24, 2009, defendant file a motion for summary judgment if it wants to seek a summary adjudication;

(ii) By 2:00 p.m. on August 10, 2009, plaintiff file its response to defendant's motion for summary judgment, if one is filed; and

(iii) By 2:00 p.m. on August 17, 2009, defendant file

any reply it wishes to make to plaintiff's response.

SIGNED July 8, 2009.

                                        _____

JOHN McBRYDE
United States District Judge